

Kelly E. Farnan
302-651-7705
Farnan@rlf.com

February 15, 2016

**BY CM/ECF**
The Honorable Chief Judge Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street, Unit 26, Room 6124
Wilmington, DE 19801-3555

    Re:    *Forest Labs., Inc. et al. v. Amerigen Pharmaceuticals Inc. et al.,* C.A. Nos. 14-508-LPS, 14-1058-LPS, 14-1271-LPS

Dear Chief Judge Stark:

    We write on behalf of Amerigen Pharmaceuticals, Inc. and Amerigen Pharmaceuticals, Ltd. ("Amerigen"), pursuant to Your Honor's February 12, 2016 Oral Order, requiring briefing from the parties on whether such party supports or opposes entry of the proposed Stipulation and Order filed jointly by Forest Laboratories, LLC, Forest Laboratories Holdings, Ltd., and Adamas Pharmaceuticals, Inc. (collectively, "Forest"), and Apotex Corp. and Apotex Inc. (collectively, "Apotex") (hereinafter, the "Forest-Apotex Stipulation"). For at least the reasons discussed below, Amerigen opposes entry of the Forest-Apotex Stipulation.

*Background and Procedural Context*

    Forest initiated suit against Amerigen (and several co-defendants) on April 21, 2014, alleging infringement of a number of patents by Amerigen, including, among others, U.S. Patent Nos. 8,168,209; 8,173,708; 8,283,379; 8,329,752; 8,362,085; and 8,598,233 (hereinafter, "the Adamas Patents"), based on Amerigen's submission of Abbreviated New Drug Application ("ANDA") No. 205365 for proposed memantine hydrochloride extended release capsules. (*See* D.I. 1 in C.A. No. 14-cv-00508-LPS (D. Del.)). Forest brought two additional suits against Amerigen asserting infringement of, *inter alia*, the Adamas Patents, based on certain amendments to the subject ANDA. (*See* D.I. 1 in C.A. No. 14-cv-1058-LPS; D.I. 1 in C.A. No. 14-cv-1271-LPS).

    Forest, Amerigen and several other co-defendants completed claim construction briefing on July 15, 2015. (*See* D.I. 88, 92, 99, 100, 124, and 125 in C.A. No. 14-cv-121-LPS). The Court held a *Markman* hearing on August 3, 2015, where the Court heard argument and evidence concerning, among other things, the invalidity of the Adamas Patents. (*See* D.I. 158 in C.A. No. 14-cv-121-LPS). Thereafter, on January 5, 2016, the Court issued its *Markman* Opinion and

Order, holding claims of each of the Adamas Patents invalid under 35 U.S.C. § 112 for indefiniteness. (*See* D.I. 130 at 16-20 and D.I. 131 at 2, in C.A. No. 14-cv-1271-LPS (D. Del.)).

Subsequent to the *Markman* hearing but prior to the entry of the *Markman* Opinion and Order, Forest and Amerigen settled the litigation between them. Forest and Amerigen, accordingly, jointly submitted a proposed Stipulation and Order to the Court for all three actions brought against Amerigen identified above (the "Amerigen Dismissal Order") on October 20, 2015, which the Court in turn entered on October 23, 2015. (*See, e.g.*, D.I. 221 in C.A. No. 14-cv-508-LPS).

Despite the Amerigen settlement, several additional parties pressed on, and when the Court entered its *Markman* Opinion and Order, the Teva and Apotex defendants remained. On February 11, 2016, Apotex and Forest submitted to the Court (in the Apotex case) the Forest-Apotex Stipulation, which, in relevant part, seeks the following relief:

> The Court hereby vacates its January 5, 2016 Memorandum Opinion and Order regarding claim construction issues in this civil action. *The Court further vacates its January 5, 2016 Memorandum Opinion and Order regarding claim construction issues in any related civil action in which they were filed*, other than Civil Action Nos. 14-121-LPS and 14-686-LPS, which involve the only remaining defendant [*i.e.*, Teva] in the related actions that was involved in the relevant proceedings and was still a party as of January 5, 2016.

(D.I. 217 in C.A. No. 14-cv-200-LPS (emphasis added)).

Amerigen first learned of the Forest-Apotex Stipulation following entry of the Court's Order requiring briefing on whether the parties in the related (and settled) litigations support or oppose entry of the stipulation. At no time, however, did Forest, or its counsel, apprise Amerigen that it would affirmatively seek a Court Order modifying the docket in the Amerigen cases—nor did Forest, or its counsel, serve Amerigen with the Forest-Apotex Stipulation or the Court's Order. Nor has Forest provided any justification for why the Court should summarily vacate the *Markman* Opinion and Order in any case, settled or otherwise, much less via a stipulation between other parties that cannot possibly bind third parties, such as Amerigen here. While Forest now suggests that there may be some confusion or procedural quandary in the event that a decision in the *Teva* case is overturned on appeal, it defies logic to suggest that an opinion sitting on a docket in a settled case will cause any confusion should the Federal Circuit address the invalidity of the Adamas Patents. (*See* 2-14-16 Ltr. at 2-3, D.I. 220 in C.A. 14-200-LPS). And if, as Forest has suggested to Amerigen's counsel, Forest is merely trying to cure a

"clerical error," then it makes no sense why Forest proceeded in *ex parte* fashion without notice to Amerigen.

### *No Extraordinary Circumstances Warrant Relief Under Rule 60*

As an initial matter, while styled as a "stipulation" between other parties, it appears that Forest is seeking relief from a final judgment or order in the *Amerigen* actions. If so, such motions are decided pursuant to Federal Rule of Civil Procedure 60(b)(6) under a heightened standard. *See, e.g.*, *Dawson v. Campagnie des Bauxites de Guinee*, 112 F.R.D. 82, 85 (D. Del. 1986) (motion to vacate analyzed under Fed. R. Civ. P. 60(b)); *see also Gillespie v. Janey*, 527 F. App'x 120, 122 (applying Fed. R. Civ. P. 60(b) to analyze motion to vacate).

In particular, motions pursuant to Rule 60(b) are committed to the district court's discretion and must be decided based on equitable principles. *Pierce Assocs., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988); *United States v. One Toshiba Color Television*, 213 F.3d 147, 157 (3d Cir. 2000). Relief from a judgment under Rule 60(b)(6) will only be granted by a court when "extraordinary circumstances" exist that justify reopening the judgment. *Dawson*, 112 F.R.D. at 84-85; *see also Ackermann v. United States*, 340 U.S. 193, 199-200 (1950); *Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus.*, Inc., 1 F. App'x 879, 886 (Fed. Cir. 2001). Further, this "extraordinary circumstances" showing must suggest that the movant is faultless in the delay. *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 393 (1993). Moreover, the movant bears the burden of showing that, absent such relief, "extreme" and "unexpected" hardship would result. *Boughner v. Sec'y of Health, Educ., & Welfare*, 572 F.2d 976, 978 (3d Cir. 1978). As relevant here, "[w]hen parties have chosen to submit to a consent decree instead of seeking a more favorable judgment upon litigation, their burden under Rule 60(b) is perhaps even more formidable than had they litigated and lost." *W.L. Gore & Assocs. v. C.R. Bard, Inc.*, 977 F.2d 558, 561 (Fed. Cir. 1992) (quoting *Phila. Welfare Rights Org. v. Shapp*, 602 F.2d 1114, 1120 (3d. Cir. 1979).

Forest does not assert—nor could they—that "extraordinary circumstances" exist that would warrant reopening or modifying judgment in the *Amerigen* litigation. Instead, Forest's purported justification for the vacatur it seeks is to preserve its rights to appeal the claim construction in the Teva actions and avoid confusion where the claim construction ruling remained in place with respect to the other defendants. (2-14-16 Ltr. at 2-3, D.I. 220 in C.A. 14-200-LPS).

Even taking Forest's reasoning at face value, this makes little sense, and does not constitute the "extraordinary circumstances" necessary for such relief. For one, nothing in the settled *Amerigen* litigation impacts any purported "rights to appeal the claim construction in the Teva actions." Forest does not argue otherwise. For another, Forest does not explain how the

allegedly "untenable situation" it describes will cause "extreme" hardship to Forest in the settled and dismissed *Amerigen* litigation. The Court can and should deny entry of the stipulation, as it applies to the *Amerigen* litigation, for failure to satisfy the formidable burden for such relief.

### *Forest's Requested Relief Violates The Amerigen Dismissal Order*

Additionally, Forest's unilateral action in attempting to apply the Forest-Apotex Stipulation to the *Amerigen* litigation also violates Paragraphs 4 and 6 of the *Amerigen* Dismissal Order. These Paragraphs state as follows:

> 4. Plaintiffs and Amerigen each expressly waive any right to appeal *or otherwise move for relief from this Stipulation and Order*.
>
> 6. This Stipulation And Order shall *finally resolve* the Actions [asserted against Amerigen].

(Amerigen Dismissal Order at 5, ¶¶ 4, 6) (emphasis added). The emphasized language above leaves no question that the Amerigen Dismissal Order was *intended by Forest* to conclude the litigation between these parties, and to preclude any attempt to re-open that litigation as Forest now seeks to do. For this reason as well, the Court can and should deny Forest's request, especially when doing otherwise would contravene an agreed-upon stipulation and order voluntarily dismissing the action.

### *The Equities Favor Denying Vacatur*

Contrary to Forest's assertions, the equities weigh against entry of the stipulation. Nothing in the *Amerigen* litigation precludes Forest from fully litigating its claims against Teva and then appealing that final judgment. Forest does not need to do anything in the *Amerigen* litigation to preserve that right. Instead, Forest is seeking to shore up and shield those same patents from an invalidity finding in other litigation against Amerigen based on a different ANDA and different product. (*See Forest Labs., LLC et al. v. Amerigen Pharms., Inc. et al.*, C.A. No. 1:15-cv-966-LPS (D. Del.)). That is, if anything, a strategic choice on Forest's part that does not implicate considerations of fairness or equities, and certainly does not warrant entry of a "stipulation" in the *Amerigen* litigation that Amerigen never stipulated/consented to, and which admittedly seeks relief from a dismissal order that Forest agreed not to seek relief from.

\* \* \*

The Honorable Chief Judge Leonard P. Stark
February 15, 2016
Page 5

For the reasons set forth above, and as requested by the Court's Order, Amerigen respectfully opposes entry of the Forest-Apotex Stipulation.

                                                   Respectfully,

                                                 */s/ Kelly E. Farnan*

KEF/sm                                       Kelly E. Farnan #4395